## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| GERALD H. COY, III and | ) | Case No. 08-10697 (BLS) |
| AMY LEIGH COY, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| ALFRED T. GUILIANO, CHAPTER 7 | ) | Adv. No. 10-50834 |
| TRUSTEE, | ) | |
| | ) | Related to Docket Nos. 32, 37, and 38 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GERALD H. COY, III, | ) | |
| AMY LEIGH COY, and | ) | |
| CRAIG BANKS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Jeffrey S. Cianciulli
WEIR & PARTNERS LLP
824 N. Market Street, Suite 800
Wilmington, DE 19801

*Counsel for the Chapter 7 Trustee*

Gerry Gray
LAW OFFICE OF GERRY GRAY
215 E. Market Street
Georgetown, DE 19947

*Counsel for Craig Banks*

## **OPINION**[1]

Before the Court is a motion for summary judgment (the "Motion") [Adv. No. 10-50834,

Adv. Docket No. 37] filed by Alfred T. Guiliano, Chapter 7 Trustee (the "Trustee") for the estate

of Gerald H. Coy, III ("Mr. Coy") and Amy Leigh Coy (together with Mr. Coy, the "Debtors").

By the Motion, the Trustee has moved the Court to enter summary judgment against Craig Banks

---

[1]       Pursuant to Federal Rule of Bankruptcy Procedure 7052, this Opinion constitutes the Court's findings of fact and conclusions of law.

("Mr. Banks") pursuant to Federal Rule of Civil Procedure 56, made applicable to this adversary

proceeding by Federal Rule of Bankruptcy Procedure 7056.  For the following reasons, the Court

will deny the Motion.

# I.  BACKGROUND

The material facts in this case are not in dispute.[2]  In 2005, Mr. Coy and Mr. Banks

established an informal joint venture and agreed to acquire an undeveloped tract of land in a

beach resort area on the bay in Selbyville, Delaware designated as Lot Number 49 on the plot of

Bay View Estates (the "Property"), for the purpose of constructing a house on it and then

reselling the improved Property at a profit.  Mr. Banks agreed to supply the funds to purchase the

Property (approximately $151,000), Mr. Coy agreed to build the house on it, and the two men

agreed to share equally in the net profits of their investment.  On or about July 14, 2005,

Mr. Banks and Mr. Coy both acquired title to the Property pursuant to a deed that listed them as

tenants in common.

The record reflects that Mr. Coy intended to construct the contemplated house.  However,

personal and financial troubles coupled with the economic downturn and the deflation of real

estate prices prevented him from realizing his intention to keep his part of the bargain with Mr.

Banks.  When counsel for the Trustee asked Mr. Coy at his deposition why he was unable to

improve the Property, he explained the series of events that interfered with his plans and

eventually led him to seek relief in this Court:

> I was working on another project . . . a ten-home subdivision, and
> we had an issue with the main road going through, and the bank
> called the note on me . . . that's when basically the collapse of

---

[2]     In his reply (the "Reply") [Adv. Docket No. 38], Mr. Banks stated that he has adopted,
inter alia, the Trustee's statements about the facts and the proceedings related to this case.

> everything was happening, and it forced me to file bankruptcy with
> it.  At the same time, my wife got cancer. I can turn this into a
> country song.   My dog ran away and my truck broke down.
> Anything bad that could happen happened all at once, and of
> course, the economy was the biggest factor [in] it.  Property values
> went down, and we realized that I can't build that house and sell it
> when two houses next door are being foreclosed on.

Coy Dep. Tr. 16:16-17:9, Feb. 7, 2011, Adv. Docket No. 32 Ex. A.

On April 11, 2008 (the "Petition Date"), the Debtors filed a voluntary petition (the "Petition") for relief under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code").  On August 12, 2008, the Debtors' bankruptcy case was converted to a case under chapter 7 of the Bankruptcy Code.  Shortly thereafter, Michael B. Joseph was terminated as the chapter 13 trustee, and Alfred T. Guiliano was appointed as the chapter 7 trustee to administer the Debtors' estate.

On March 22, 2010, the Trustee filed a complaint (the "Complaint") [Adv. No. 10-50834, Adv. Docket No. 1] against the Debtors and Mr. Banks, and thereby initiated this adversary proceeding.  By the Complaint, the Trustee seeks authorization to cause the sale of the Property under 11 U.S.C. § 363(h), free and clear of Mr. Banks's interests in the Property, for the benefit to the Debtors' estate.  On April 26, 2010, Mr. Banks filed an answer (the "Answer") [Adv. No. 10-50834, Adv. Docket No. 7] to the Complaint in which he denied that the requirements of a § 363(h) sale have been met and asserted the doctrine of constructive trust as an affirmative defense.  On June 7, 2010, the Trustee obtained the entry of a default judgment against the Debtors for failure to plead or otherwise defend against the Complaint [Adv. No. 10-50834, Adv. Docket No. 22].

The Trustee filed this Motion seeking summary judgment against Mr. Banks on February 25, 2011.  Mr. Banks has filed a reply (the "Reply") [Adv. No. 10-50834, Adv. Docket No. 38] objecting to the Motion on the ground that the Trustee has not demonstrated that the requirements of § 363(h) have been met—specifically the requirement that the benefit to the Debtors' estate of the sale will outweigh the detriment to Mr. Banks as a co-owner of the Property—such that summary judgment is not warranted.  By the Reply, Mr. Banks has also reiterated his purported entitlement to a constructive trust over Mr. Coy's one-half interest in the Property as a tenant in common.

This matter has been sufficiently briefed and is ripe for decision.

## II.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Consideration of this matter constitutes a "core proceeding" under 28 U.S.C. § 157(b)(2)(A), (B), (M), (N), and (O).[3]

## III.  STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(a), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the

---

[3]    To the extent that any of the matters addressed in this Opinion are determined to be non-core, the findings of fact and conclusions of law pertaining to such non-core matters shall be deemed the Court's proposed findings of fact and conclusions of law under 28 U.S.C. § 157(c)(1).

movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).[4]  The Supreme Court

has explained that an issue of material fact is genuine only "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 248 (1986).  The Supreme Court further explained that materiality is

determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome

of the suit under the governing law will properly preclude the entry of summary judgment."  Id.

The purpose of summary judgment is "to isolate and dispose of factually unsupported claims or

defenses."  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  Summary judgment may be

properly granted "as a means of avoiding full-dress trials in unwinnable cases, thereby freeing

courts to utilize scarce judicial resources in more beneficial ways."  Mesnick v. Gen. Elec. Co.,

950 F.2d 816, 822 (5th Cir. 1991), cert. denied, 504 U.S. 985 (1992).

The movant bears the burden of establishing the absence of a genuine dispute as to a

material fact.  Celotex, 477 U.S. at 322-23 ("[A] party seeking summary judgment always bears

the initial responsibility of informing the district court of the basis for its motion, and identifying

those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue

of material fact.") (citing FED. R. CIV. P. 56).  After the movant has made the requisite showing,

the burden shifts to the non-movant to establish that summary judgment is not warranted.

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  Federal

---

[4]     Federal Rule of Civil Procedure 56 was amended as of December 1, 2010.  Subdivision (a) now contains the summary judgment standard previously stated in subdivision (c).  FED. R. CIV. P. 56 Advisory Committee's Note to 2010 Amendments ("Subdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word— genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination.").

Rule of Civil Procedure 56(c) requires that a party "asserting that a fact cannot be or is genuinely disputed" has to support such an allegation by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c). Thus, a party opposing a motion for summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts," Matsushita, 475 U.S. at 586, and instead must produce specific facts that establish the existence of a genuine dispute. Id. at 587. Without factual corroboration, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-48.

In deciding a motion for summary judgment, the court must view all facts and draw all reasonable inferences from such facts in the light most favorable to the non-movant to determine if the movant is nonetheless entitled to judgment as a matter of law. Id. at 261 n.2; Morton Int'l, Inc. v. A.E. Staley Mfg. Co., 343 F.3d 669, 680 (3d Cir. 2003) (citation omitted); Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 512 (3d Cir. 1994) ("[W]here the non-moving party's evidence contradicts the movant's . . . the non-movant's must be taken as true.") (internal quotation marks omitted) (citation omitted); Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976) ("Inferences to be drawn from the underlying facts contained in the evidential sources submitted to the trial court must be viewed in the light most favorable to the party opposing the motion.

The non-movant's allegations must be taken as true and, when these assertions conflict with those of the movant, the former must receive the benefit of the doubt.").

The Third Circuit has held that "in all cases summary judgment should be granted if, after drawing all reasonable inferences from the underlying facts in the light most favorable to the nonmoving party, the court concludes that there is no genuine issue of material fact to be resolved at trial and the moving party is entitled to judgment as a matter of law." Petruzzi's IGA Supermarkets v. Darling-Del. Co., Inc., 998 F.2d 1224, 1230 (3d Cir. 1993). Accordingly, a motion for summary judgment may only be denied "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita, 475 U.S. at 587 (citation omitted).

## IV.  DISCUSSION

To adjudicate the Motion, the Court must consider whether the Trustee has carried his burden of establishing that there is no genuine dispute as to any material fact related to the propriety of a sale of the Property under 11 U.S.C. § 363(h). Section 363(h) of the Bankruptcy Code provides that "the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety," but only if the trustee can establish each of the following four elements:

> 1.  The partition in kind of the property among the estate and co-owners is impracticable.
>
> 2.  The sale of the estate's undivided interest in the property would realize significantly less for the estate than the sale of the property free of the interests of co-owners.

> 3.   The benefit to the estate of a sale of the property free of the
> interests of co-owners outweighs the detriment to such co-owners.
>
> 4.   The property is not being used in the production, transmission,
> or distribution, for sale, of electric energy or of natural or synthetic
> gas for heat, light, or power.

11 U.S.C. § 363(h).

Here, the Trustee has argued that all of the requirements for a sale under § 363(h) have been satisfied.  In the Reply, Mr. Banks has conceded that the Trustee has satisfied three of the four requirements of § 363(h).  But, Mr. Banks argues that the Trustee is unable to meet the third requirement of § 363(h) because he cannot establish that the benefit to the Debtors' estate of a sale of the Property will outweigh the detriment to Mr. Banks.  In support of his argument, Mr. Banks asserts that Mr. Coy's interest in the Property is subject to a constructive or implied trust in favor of Mr. Banks, such that Mr. Banks—not Mr. Coy or his bankruptcy estate—is the equitable owner of the Property and any proceeds of its sale.  Mr. Banks contends that the Trustee—the holder of merely legal title—cannot therefore demonstrate that the sale of the Property will benefit the Debtors' estate.

Under the circumstances of this case, the Court finds that Mr. Coy did indeed acquire the Property subject to a trust under applicable Delaware case law.  Although Mr. Banks asserts the applicability of the constructive trust doctrine, the Court instead finds that Mr. Coy acquired the Property subject to a resulting trust.  These two trust theories are both implied trusts and effectuate a similar result, though for different reasons.  The Court addresses each trust theory in turn.

A.      **Constructive Trust**

A constructive trust is an equitable remedy that is crafted by a court for the purpose of preventing one party from being unjustly enriched at the expense of another party. Hogg v. Walker, 622 A.2d 648, 652 (Del. 1993). The Delaware Supreme Court has held that "[t]he doctrine of constructive trust effectuates the principle of equity that one who would be unjustly enriched, if permitted to retain property, is under an equitable duty to convey it to the rightful owner." Id. Under the theory of constructive trust, legal title is not dispositive of ownership interest because "[w]here one party has acquired the legal right to property to which another has the better right, a court of equity will convert that person into a trustee of the true owner, and compel him or her to convey the legal title." Id. at 653. The imposition of a constructive trust is predicated on a finding of fraudulent, unfair, or unconscionable conduct. Id. at 652; Quill v. Malizia, No. Civ. A. 2239-S, 2005 WL 578975, at *9 (Del. Ch. Mar. 4, 2005). The intentions of the parties at the time of the transaction are immaterial because "[a] constructive trust is not designed to effectuate the presumed intent of the parties, but to redress a wrong." Hogg, 622 A.2d at 652. See also Adams v. Jankouskas, 452 A.2d 148, 152 (Del. 1982) (finding that "a constructive trust does not arise from the presumed intent of the parties, but is imposed when a defendant's fraudulent, unfair or unconscionable conduct causes him to be unjustly enriched at the expense of another to whom he owed some duty").

Here, the Court has no basis to impose a constructive trust upon the Property in favor of Mr. Banks because there is no evidence from which the Court may conclude that Mr. Coy's conduct towards Mr. Banks was fraudulent, unfair, or unconscionable. Mr. Banks has stated that Mr. Coy is not entitled to retain an interest in the Property because he failed to fulfill his obligation to Mr. Banks by not constructing a house on the Property and thereby improving it for

9

resale.  However, at his deposition, Mr. Coy affirmatively disavowed any interest he may have in the Property and asserted that "[i]t was always given that [Mr. Banks] owned the property."  Coy Dep. Tr. 11:1-4, 19:7-8.

The Trustee pressed Mr. Coy on the fact that his name appears on the title to the Property and that Mr. Coy listed the Property as an asset on the schedules the Debtors filed with the Petition.  However, the Court notes that the Bankruptcy Code requires the Debtors to list the Property in their schedules because Mr. Coy has an interest in the Property, even if that interest is determined to be merely legal and not equitable.  At his deposition, Mr. Coy explained that he simply "listed it as a property [his] name was on."  Coy Dep. Tr. 20:23-24.  He further explained:

> Mr. Banks probably had too much trust in me because he knew . . . I would never not give him what was owed him . . . [In] hindsight, I probably shouldn't have been on [the title]. . . . When I filed bankruptcy, I thought [Mr. Banks] would receive the property back.

Coy Dep. Tr. 19:12-17, 20:17-18.

Based on the proffered evidence, the Court cannot conclude that Mr. Coy committed any unfair, fraudulent, or unconscionable act towards Mr. Banks.  Therefore, there is no cause for the Court to impose a constructive trust upon the Property in favor of Mr. Banks.

## B.    Resulting Trust

It is well settled in Delaware that a resulting trust, unlike a constructive trust, is designed to vindicate the presumed intentions of the transacting parties.  Hudak v. Procek (Hudak I), 727 A.2d 841, 843 (Del. 1999) ("A resulting trust is one that is imposed by a court of equity to give effect to the presumed intentions of the parties."); Adams, 452 A.2d at 152 ("A resulting trust arises from the presumed intentions of the parties and upon the circumstances surrounding the

10

particular transaction."). Like a constructive trust, however, a resulting trust is also an equitable remedy that is fashioned by a court sitting in equity. <u>Hudak v. Prosek (Hudak II)</u>, 806 A.2d 140, 146 (Del. 2002). A resulting trust is appropriate "where the legal estate is acquired with accompanying facts and circumstances from which it can be inferred or assumed that the beneficial interest is not to go with the legal title." <u>Taylor v. Jones</u>, No. Civ. A. 1498-K, 2006 WL 1510437, at *3 (Del. Ch. May 26, 2006). Thus, under the appropriate circumstances, a court will impose a resulting trust "to ensure that legal formalities do not frustrate the original intent of the transacting parties." <u>Hudak II</u>, 806 A.2d at 146.

The Delaware Chancery Court has imposed a resulting trust "when a party pays the purchase price for property that is transferred to another (i.e., purchase-money resulting trust)." <u>Taylor</u>, 2006 WL 1510437, at *3. <u>See also</u> <u>Quill v. Malizia</u>, No. Civ. A. 2239-S, 2005 WL 578975, at *9 (Del. Ch. Mar. 4, 2005) ("A resulting trust is often proven by demonstrating that the equitable claimant was the party that actually put up the purchase money."). When a court imposes a resulting trust for the benefit of a person who had funded the purchase of certain property, it "presumes, absent contrary evidence, that the person supplying the purchase money for property intends that its purchase will inure to his benefit, and the fact that title is in the name of another is for some incidental reason." <u>Adams</u>, 452 A.2d at 152. Thus, it is presumed that a party who holds title to property but did not fund the acquisition of such property holds only legal title as a trustee for the benefit of the equitable owner who paid for such property. However, the party seeking the imposition of a resulting trust bears the burden of proving by clear and convincing evidence that such a remedy is warranted. <u>Quill</u>, 2005 WL 578975, at *8-9

(citing <u>Hudak II</u>, 806 A.2d at 146-47); <u>Adams</u>, 452 A.2d at 152; <u>Greenly v. Greenly</u>, 49 A.2d 126, 129 (Del. Ch. 1946).

The Court finds, by clear and convincing evidence, that the imposition of a resulting trust on the Property for the benefit of Mr. Banks is indeed appropriate. Based upon the evidence, the Court concludes that an agreement existed between Mr. Banks and Mr. Coy as to the Property: Mr. Banks was to retain full ownership of the Property, and the parties would share not in its ownership but in the equal distribution of the profit from the resale of the Property. Mr. Coy confirmed this understanding between the parties at his deposition. Coy Dep. Tr. 9:7-10, 22-23.

Moreover, the commercial conduct of the parties further supports the proposition that Mr. Banks and Mr. Coy had both intended for Mr. Banks alone to hold beneficial title to the Property. Only Mr. Banks has borne the costs and risks of ownership by paying property taxes, homeowners' association fees, and other expenses. Coy Dep. Tr. 14:2-5. At his deposition, Mr. Coy made no indication that his responsibility with respect to the Property extended beyond the construction of a house for resale, or that the parties had intended for Mr. Coy to reimburse Mr. Banks for his investment in and maintenance of the Property.

Therefore, the evidence supports the Court's conclusion that Mr. Banks had intended to acquire equitable title and intended Mr. Coy to acquire only legal title to the Property, and that the parties had presumed that Mr. Coy acquired no beneficial title to the Property but only the right to share equally in the net profits of its resale. The Court thus finds that the parties' presumed intentions support the imposition of a resulting trust on the Property in favor of Mr. Banks.

C.    **Mr. Coy's Interest in the Property**

Having found that Mr. Coy acquired the Property subject to a resulting trust, the Court

now turns to the effect that imposing such a trust has on the Debtors' estate.  The Bankruptcy

Code provides that

> [p]roperty in which the debtor holds, as of the commencement of
> the case, only legal title and not an equitable interest . . . becomes
> property of the estate . . . only to the extent of the debtor's legal
> title to such property, but not to the extent of any equitable interest
> in such property that the debtor does not hold.

11 U.S.C. § 541(d).   The Third Circuit has held that the "bankrupt estate thus obtains no greater

ownership right . . . than [the debtor] itself would have acquired prior to the bankruptcy filing."

Universal Bonding Ins. Co. v. Gittens & Sprinkle Enters., Inc., 960 F.2d 366, 372 (3d Cir. 1992).

Therefore, the imposition of a resulting trust on the Property in favor of Mr. Banks requires

Mr. Coy—and the Trustee as the administrator of Mr. Coy's bankruptcy estate—to hold the

Property for the benefit of Mr. Banks.  Therefore, the Trustee is not be entitled to retain any

proceeds of a sale of the Property because Mr. Banks is the beneficial owner of such proceeds.

Consequently, the Debtors' estate would derive no benefit from a § 363(h) sale of the Property.

In a case with similar facts, the Third Circuit affirmed the decision by the Bankruptcy

Court for the Eastern District of Pennsylvania to deny of a chapter 7 trustee's motion for a

§ 363(h) sale on the ground that the debtor held the real property to be sold in a resulting trust in

favor of his mother.  In re Stewart, 325 F. App'x 82, 83-84 (3d Cir. 2009).[5]  The learned judge in

that case had reasoned that

---

[5]      The Court notes that the district court had already affirmed the bankruptcy court's
decision, and its affirmance was subsequently appealed to and affirmed by the Third Circuit.  See
In re Stewart, Civ. No. 07-2283, 2008 WL 938920 (E.D. Pa. Apr. 4, 2008).

> [i]f the Debtor's interest in the Property is a bare legal interest and
> if one conceptualizes the possibility of a sale of that interest, it is
> difficult to see how the Trustee could meet the requirements of
> § 363(h)(3) in this case.  Generally, when a trustee sells both the
> estate's interest and the co-owner's interest in property pursuant to
> 11 U.S.C. § 363(h), the trustee must account to the co-owner for
> the co-owner's rightful share of the net proceeds.  If the
> bankruptcy estate holds only bare legal title, it would follow that
> all of the value of the property must be attributed to the beneficial
> owner and the bankruptcy estate would receive nothing from the
> sale.  In these circumstances . . . it is difficult to see how the
> benefit to the bankruptcy estate would outweigh the detriment to
> the co-owner, as is required by § 363(h).

In re Stewart, 368 B.R. 445, 449 n.8 (citations omitted), aff'd, 325 F. App'x 82 (3d Cir. 2009).

Here, for the same reason, the Court concludes that the Trustee will be unable to establish that the Debtors' estate will accrue any benefit from a § 363(h) sale of the Property. Accordingly, the Court concludes that the Trustee has not carried his burden of establishing the propriety of the requested authorization for a § 363(h) sale.[6]

---

[6]    Notwithstanding its ruling today, the Court is obliged to note that the Trustee's efforts to compel the sale of the Property are not perceived by this Court as overreaching or unduly aggressive in any respect.  The Trustee, an able and experienced professional, has properly discharged his fiduciary responsibility in attempting to maximize recoveries for the benefit of all creditors of the Debtors' estate.  However, the Court has determined that the sale of the Property is nonetheless unwarranted and will therefore not be ordered.

## V.  <u>CONCLUSION</u>

For the foregoing reasons, the Court will deny the Motion filed by the Trustee and will impose a resulting trust on the Property for the benefit of Mr. Banks.[7]  An appropriate Order follows.

BY THE COURT:

Dated:      Wilmington, Delaware
            August 22, 2011                    _____
                                               Brendan Linehan Shannon
                                               United States Bankruptcy Judge

---

[7]      The Court notes that counsel for Mr. Banks has filed a Suggestion of Death notice [Adv. No. 10-50834, Adv. Docket No. 40] stating the Mr. Banks passed away on March 3, 2011. Accordingly, the resulting trust will be imposed for the benefit of Mr. Banks's estate.